UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVANSTON PARK
CONDOMINIUM ASSOCIATION,
INC.,

      Plaintiff,

v.                                                                                  Case No.:  2:25-cv-577-SPC-KCD

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

      Defendant.

_____/

## ORDER

Before the Court is Defendant Westchester Surplus Lines Insurance Company's Notice of Removal.  (Doc. 1).  For the reasons outlined below, Defendant must supplement the Notice.

A defendant may remove a civil action from state court if the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008); 28 U.S.C. § 1447(c).  And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  Because federal courts have limited jurisdiction, they are "obligated to inquire

into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Defendant removed this action by invoking diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, the amount in controversy is questionable.

This is an insurance-coverage action arising out of an underlying tort action. To establish the amount in controversy, Defendant broadly asserts "the amount at issue in the Tort Action, together with the cost to defend [Plaintiff] against Seldon's negligent security claim, is greater than $75,000, exclusive of interest and costs." (Doc. 1 ¶ 17). But it offers nothing to support this assertion. So the Court is not satisfied that Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, it is now

**ORDERED:**

On or before **July 21, 2025**, Defendant must **SUPPLEMENT** its Notice of Removal consistent with this Order. **Failure to do so will result in remand without further notice.**

3

**DONE** and **ORDERED** in Fort Myers, Florida on July 7, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record