UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVANSTON PARK
CONDOMINIUM ASSOCIATION,
INC.,

    Plaintiff,

v.                                    Case No.:  2:25-cv-577-SPC-KCD

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Westchester Surplus Lines Insurance Company's Supplement to its Notice of Removal. (Doc. 14). For the reasons outlined below, Defendant still fails to establish the amount in controversy is satisfied, so the Court remands the case back to state court.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008); 28 U.S.C. § 1447(c). And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts have limited jurisdiction, they are "obligated to inquire

into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Defendant removed this action by invoking diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, Defendant fails to establish the amount in controversy.

This is a declaratory-judgment case. (Doc. 9). Plaintiff Evanston Park Condominium Association, Inc. is currently defending a separate tort action. It believes that Defendant owes it a duty to defend and indemnify it in the underlying tort action. Thus, the present case. To establish the jurisdictional threshold, Defendant relies on: (1) the $180,000 in special damages sought by the plaintiff in the underlying tort action, and (2) an unspecified amount of attorney's fees Plaintiff has incurred defending the underlying state court action. (Doc. 14). Neither is sufficient.

Defendant first relies on the $180,000 sought by the plaintiff in the underlying tort action. The argument goes that, if Plaintiff is found liable for such damages in the underlying tort action, then Defendant could be on the hook for them here if it is determined that it has a duty to indemnify Plaintiff. But the Eleventh Circuit has explained that reliance on such damages is improper for amount in controversy purposes. *See Sullivan v. Everett Cash*

2

*Mut. Ins. Co.*, No. 19-11943, 2023 WL 1521579, at *4 (11th Cir. Feb. 3, 2023). In *Sullivan*, the court explained that "in this circuit, a declaratory judgment claim with respect to indemnification is generally not ripe until (and if) the insured has been held liable to a third party." *Id.* (citations omitted). "The reason is that, until there is an adverse judgment against the insured, the liabilities are contingent and may never materialize." *Id.* (citation omitted). As such, Plaintiff's indemnification claim against Defendant is not ripe. "[A] claim that is not ripe under federal law has a value of zero for amount-in-controversy purposes." *Id.* "If a claim is not ripe, and cannot be heard by a federal court, its value means nothing insofar as the amount-in-controversy requirement is concerned." *Id.* Thus, the Court cannot consider the $180,000 to establish the amount in controversy.

Defendant asks the Court to ignore the *Sullivan* opinion because it is unpublished and district courts from Georgia and Alabama have declined to follow it. (Doc. 14 at 5–6). The Court is unconvinced. Recently, another court within this District rejected a similar argument and adopted the *Sullivan* court's holding in remanding a declaratory action. *See Cauthen v. Ace Fire Underwriters Ins. Co.*, No. 8:23-CV-2749-CEH-SPF, 2024 WL 4495262, at *3 (M.D. Fla. July 1, 2024). This Court is inclined to follow the Eleventh Circuit decision that is squarely on point and its sister court within this District. *See also Maxum Indem. Co. v. Shahley*, No. 3:25-CV-435-MMH-MCR, 2025 WL

1208764, at *2 (M.D. Fla. Apr. 25, 2025) (citing *Sullivan* while cautioning the defendant that the amount in controversy for an indemnification claim must be evaluated separately from the duty to defend).

Without the indemnification damages, subject-matter jurisdiction hinges on the duty to defend claim. Defendant argues common sense dictates that Plaintiff has incurred over $75,000 in attorney's fees defending the underlying action. To support this assertion, it notes that the underlying tort action has been litigated for almost two years, which has included significant discovery as well as dispositive-motion practice. And it expects that the case will require future depositions and expert testimony. (Doc. 14). But Defendant offers nothing of substance to suggest this satisfies the amount in controversy, such as the number of hours billed or the attorney's hourly rate. Such speculation is insufficient.[1] *See Sullivan*, 2023 WL 1521579, at *3 (rejecting the defendant's "common sense" argument to the district court, explaining "defendant made no arguments (and presented no evidence) to the district court about what it would cost to provide a defense" in the underlying action). So Defendant fails to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

---

[1] Defendant relies on *Four Season Trucking Inc. v. Grange Mut. Cas. Co.*, No. 23-12013, 2024 WL 1635692, at *2 (11th Cir. Apr. 16, 2024). But there, the defendant offered evidence that the plaintiff had incurred over $50,000 in attorney's fees, and the court found it was reasonable to deduce the entire cost would exceed $75,000 if the case went to trial. *Id.* Here, Defendant places no dollar figure on Plaintiff's incurred fees in the underlying tort action.

4

Defendant alternatively asks for jurisdictional discovery. Specifically, it would like to conduct written discovery to ascertain the defense costs Plaintiff has incurred in the underlying tort action. (Doc. 14 at 8). But that is something Defendant should have done prior to removing the case. This remove-first-and-establish-jurisdiction-later approach is inappropriate. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) ("[T]he court would not reserve ruling on the motion to dismiss [to permit jurisdictional discovery] in order to allow the plaintiff to look for what the plaintiff should have had—but did not—before coming through the courthouse doors, even though the court would have the inherent power to do so."). So the Court declines to permit jurisdictional discovery.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Lee County, Florida (Case No. 2025-CA-3293).

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida, on July 24, 2025.

                                                  SHERI POLSTER CHAPPELL
                                                  UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record